UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-O-

---

RODNEY JOSEPH, 97-A-4976,

    Plaintiff,

-v-

**DECISION and ORDER**
09-CV-6428L

BRIAN FISCHER, Commissioner of New York
State Department of Correctional Services, et al.,

    Defendants.

---

## INTRODUCTION

Plaintiff, Rodney Joseph, a prisoner housed at Attica Correctional Facility, has filed this action *pro se* seeking relief under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.* As directed by the Court, plaintiff has now filed a supplementary application to proceed *in forma pauperis* with a completed prison certification section (Docket No. 7) and has also filed a signed authorization (Docket No. 2).

Plaintiff claims that while housed at Attica, defendants violated his rights pertaining to the practice of his religion, the Nation of God's and Earth's, through the confiscation of literature, and the refusal to allow congregate worship and other aspects of religious practice. Plaintiff also complains of defendants' interference with his access to the courts and retaliation for his filing of both a federal court complaint and prison complaints as a member of the "Inmate Liaison Committee." Plaintiff has filed both a motion for a temporary restraining order (Docket No. 4) and for appointment of counsel (Docket No. 3).

For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, and his motions for appointment of counsel and for a temporary restraining order are denied without prejudice. Unless plaintiff files an amended complaint as directed below, his § 1983 claims against defendants Fischer, Boll, Gonzalez, LeClaire, Alston, Bellamy, Strubel, Janes and Roach will be dismissed.

## DISCUSSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an authorization with respect to this action. Therefore, plaintiff is granted permission to proceed *in forma pauperis*.

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Abbas v. Dixon,* 480 F.3d 636 (2d Cir. 2007).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage,* 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson,* 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp,* 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*).

2

"A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson,* 551 U.S. at 94 (internal quotation marks and citations omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal " 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.' " *Abbas,* 480 F.3d at 639 (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)).

### Section 1983 Claim - Personal Involvement

Plaintiff names a total of 27 defendants in his complaint and supplemental complaint. Many of the defendants are supervisory officials. For many of the defendants, most notably the supervisory officials, plaintiff does not provide sufficient information to allege the personal involvement of the defendants in the events of which he complains. Plaintiff labels a section of his complaint "Defendant[s] Personal Involvement," yet this section states conclusory allegations that defendants have "personal knowledge" of the events complained of and fails to indicate any facts to support of this statement. This Court finds that unless plaintiff files an amended complaint as directed below, plaintiff's § 1983 claims against each such defendant is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because he fails to state a claim upon which relief may be granted.

As the complaint and supplemental complaint now read, it appears that plaintiff alleges facts to attempt to establish the personal involvement of the following defendants:

3

Annucci, Leonard, Director of Media Review Committee ("John/Jane Doe"), the Media Review Committee Chairmen at Attica ("John Doe"), Conway, Chappius, Dolce, Woeller, Rosolowski, Riener, Corcoran, Adamy, Dunford, MacIntyre, Fix, Booker, Rademacher and Dixon. It appears that defendant does not, however, allege facts to attempt to establish the personal involvement of the following defendants: Fischer, Boll, Gonzalez, LeClaire, Alston, Bellamy, Strubel, Janes and Roach.

Plaintiff is directed to take notice that personal involvement in the alleged constitutional violation is required for all defendants, including supervisory officials. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986). Such involvement on the part of a supervisory official may be shown in one of several ways:

> if he or she (1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or (4) was grossly negligent in supervising subordinates who caused the violation.

*Sealey v. Giltner*, 116 F.3d at 51 (citing *Williams v. Smith*, 781 F.2d at 323-24).

Plaintiff may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95 (1978). "The bare fact that [the defendant] occupies a high position in New York prison hierarchy is insufficient to sustain [plaintiff's] claim." *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995); *see also Shomo v. City of New York*, 579 F.2d 176, 184 (2d Cir. 2009).

Plaintiff's complaint contains many conclusory allegations and, therefore, it is not possible to determine if there is personal involvement for each defendant. For example,

4

he states, "The plaintiff is not allowed any form of congregation for religious activities, which is afforded to all other religious groups under DOCS Directive #4202" (Docket No. 2, paragraph 49); and "The plaintiff is not allowed to wear a kufi, which is afforded to inmates in accordance with DOCS Directive #4202 "(Docket No. 2, paragraph 54). Plaintiff does not, however, provide the names of defendants involved in these and numerous other allegations. Plaintiff needs to describe the events in sufficient detail to allow for a determination of defendants' personal involvement in the alleged incidents.

Plaintiff's § 1983 claims against any defendant for whom personal involvement is not alleged is subject to dismissal. Plaintiff is directed to amend his complaint to include allegations regarding the personal involvement of defendants Fischer, Boll, Gonzalez, LeClaire, Alston, Bellamy, Strubel, Janes and Roach in order to avoid dismissal of the § 1983 claims against each defendant.

## TEMPORARY RESTRAINING ORDER

Plaintiff has filed a motion for a temporary restraining order against defendants ("and other fellow co-workers") at Attica Correctional Facility from "acting in a way likely to cause irreparable harm to the Plaintiff and his personal property" (Docket No. 4). Plaintiff's allegations in his complaint and supplemental complaint do not show that immediate and irreparable injury, loss, or damage will result to plaintiff before the adverse party can be heard in opposition. Federal Rules of Civil Procedure 65(b). Plaintiff's motion for temporary relief is, therefore, denied without prejudice at this time. Plaintiff may renew his application for preliminary relief pursuant to Federal Rules of Civil Procedure 65(a) with notice to the defendants after the filing of an amended complaint and defendants' response to the amended complaint.

5

## APPOINTMENT OF COUNSEL

Plaintiff has applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e). There is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards promulgated by Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997), and Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined. Plaintiff's motion for appointment of counsel is denied without prejudice at this time.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an authorization, his request to proceed *in forma pauperis* is granted.

For the reasons set forth above, plaintiff's § 1983 claims against defendants Fischer, Boll, Gonzalez, LeClaire, Alston, Bellamy, Strubel, Janes and Roach are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim upon which relief may be granted unless plaintiff files an amended complaint by **December 9, 2009** in which he includes the necessary allegations regarding the personal involvement of the named individuals in relation to his §1983 claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128

6

(2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants regarding the claims he seeks to raise in his amended complaint, so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

If plaintiff fails to file an amended complaint as directed, his § 1983 claims will be dismissed against defendants for whom he has not alleged facts indicating their personal involvement in the constitutional deprivations pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

Plaintiff's motion for appointment of counsel and for a temporary restraining order are denied without prejudice at this time.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by December 9, 2009;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original and supplemental complaints, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by December 9, 2009, the § 1983 claims against any of the defendants Fischer, Boll, Gonzalez, LeClaire, Alston, Bellamy, Strubel, Janes and Roach for whom plaintiff has not alleged personal involvement will be dismissed without further order of the Court;

7

FURTHER, that in the event that the plaintiff fails to file an amended complaint as directed above by December 9, 2009, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the summons, complaint, supplemental complaint and this order on the defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that, in the event plaintiff does not file an amended complaint, pursuant to 42 U.S.C. § 1997e(g), the defendants are directed to answer the complaint and supplemental complaint in regard to claims remaining pursuant to this order;

FURTHER, that plaintiff's motion for a temporary restraining order is denied without prejudice. Plaintiff may renew his application for preliminary relief pursuant to Federal Rules of Civil Procedure 65(a) with notice to the defendants after the filing of an amended complaint and defendants' response to the amended complaint; and

FURTHER, that plaintiff's motion for appointment of counsel is denied without prejudice.

SO ORDERED.

Dated: Nov 5, 2009
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge